UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TAMMY DEES and DAKOTA BOLAND,

                                          Plaintiffs,

    v.                                                                  5:20-CV-1537 (BKS/MJK)

T.L. CANNON CORP., d/b/a APPLEBEES,
et al.,

                                          Defendants.
_____

MICHELLE A. MORENO, ESQ., for Plaintiffs
FRANK S. GATTUSO, ESQ., for Plaintiffs
JESSICA F. PIZZUTELLI, ESQ., for Defendants

MITCHELL J. KATZ, U.S. Magistrate Judge

TO THE HONORABLE BRENDA K. SANNES, CHIEF U.S. DISTRICT JUDGE:

## REPORT-RECOMMENDATION

      On December 10, 2020, plaintiffs Tammy Dees and Dakota Boland commenced this action, on behalf of themselves and a putative class of other similarly situated individuals, alleging that the defendants violated various sections of the Fair Labor Standards Act ("FLSA"), as well as the New York Labor Law ("NYLL") and related state regulations. (Dkt. No. 1) ("Compl."). The plaintiffs have moved for leave to amend the complaint and for class certification pursuant to Fed. R. Civ. P. 23. (Dkt. No. 56). The defendants have filed an opposition to the plaintiffs' motion for class

1

certification, along with a cross-motion for partial summary judgment seeking dismissal of Counts I, III, and IV in the Complaint/Amended Complaint.[1] (Dkt. No. 70).

For the reasons set forth below, the court recommends granting plaintiffs' motion for leave to file the amended complaint. The court further recommends granting defendants' motion for partial summary judgment to the extent it seeks dismissal of the sole remaining FLSA claim in the amended complaint. Should the district court adopt my recommendation to dismiss the FLSA claim, the court should decline to exercise supplemental jurisdiction over plaintiffs' remaining state claims, and dismiss the amended complaint without prejudice to plaintiffs refiling those claims in state court. In light of the foregoing recommendations, the court recommends declining to consider the plaintiffs' motion for class certification.

I.     **PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

The plaintiffs seek leave to file an amended complaint. (Plaintiff's MOL at p. 24-26, Dkt. No. 56-1; Moreno Decl. Ex. B, Dkt. No. 56-4). Fed. R. Civ. P. 15(a)(2) states, as relevant here, that "a party may amend its pleading only with the court's leave," and that "[t]he court should freely give leave when justice so requires." A court may, however, "deny leave for good reason, including futility, bad faith, undue delay, or

---

[1] The defendants do not take any position on the plaintiffs' motion to amend the complaint. (Dkt. No. 70-2 at p. 1 n. 1).

2

undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

In this case, plaintiffs request leave to amend to correct an error in the complaint, which cites 12 N.Y.C.R.R. 142-2.3 instead of 12 N.Y.C.R.R. 146-1.5 as the basis for plaintiffs' first claim for relief. (Moreno Decl. Exs. A, B, C) (Dkt. Nos. 56-3, 56-4, 56-5). In addition, plaintiffs seek to amend the complaint to withdraw Claims V and VI concerning unpaid overtime, pursuant to a court-approved stipulation for dismissal that was previously executed by the parties. (Dkt. Nos. 25, 27, 28, 29; Moreno Decl. Exs. A, B, C). After reviewing the plaintiffs' proposed amended complaint in conjunction with the standards set forth above, and because defendants have not submitted any opposition, the court recommends granting plaintiffs' motion to amend the complaint.[2]

Plaintiffs advance four causes of action in their amended complaint, alleging that the defendants:

- Failed to pay minimum of three hours or the number of hours in the regularly scheduled shift in violation of 12 NYCRR 1461.5;

- Failed to provide required rest periods and to pay wages for all time worked in violation of NYLL;

---

[2] Ordinarily, motions for leave to amend pleadings are deemed nondispositive and are referred for disposition by the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). However, in light of the pendency of the plaintiffs' motion for class certification and defendants' motion for partial summary judgment, which are dispositive, I have formatted this opinion as a report-recommendation as it relates to all of the issues now pending before the court.

3

- Failed to raise the hourly rate of pay from the "tip credit" minimum wage to the regular minimum wage when performing nonserving duties in violation of the FLSA; and

- Failed to raise the hourly rate of pay from the "tip credit" minimum wage to the regular minimum wage when performing nonserving duties in violation of the NYLL.

(Amended Complaint ("AC") at CM/ECF p. 4) (Dkt. No. 56-4). The remainder of this report-recommendation will consider the parties' additional requests for relief assuming the amended complaint as the operative pleading.

## II. SEQUENCE OF CONSIDERING REMAINING MOTIONS

Before turning to its analysis of the remaining motions, the court explains its decision to address the summary judgment motion prior to consideration of the plaintiffs' request to certify a class. A court's "decision on the merits . . . should not ordinarily occur before or simultaneous with a decision on class certification." *In re Cablevision Consumer Litig.*, No. 10-CV-4992, 2014 WL 1330546, at *15 (E.D.N.Y. Mar. 31, 2014) (quoting *Cuzco v. Orion Builders, Inc.*, 262 F.R.D. 325, 335 (S.D.N.Y. 2009)). This is because "there could be some unfair prejudice to the defendant if a class is certified . . . after a judgment on the merits has been entered in favor of the class." *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 48 (W.D.N.Y. 2009).

However, there is "nothing in Rule 23 to preclude the Court from examining the merits of plaintiffs' claim on a proper . . . Rule 56 motion simply because such a motion is returnable contemporaneously with a class action." *Adames v. Mitsubishi Bank, Ltd.*,

133 F.R.D. 82, 87 n.1 (E.D.N.Y. 1989); *see also Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) ("The decision to award summary judgment before acting on class certification [is] well within the discretion of the district court."). "Courts in the Second Circuit and elsewhere have recognized that 'a defendant can waive any objection to a decision on the merits prior to, or simultaneous with, a decision on class certification.'" *Bitzko v. Weltman, Weinberg & Reis Co., LPA*, No. 1:17-CV-00458 (BKS/DJS), 2019 WL 4602329, at *11 (N.D.N.Y. Sept. 23, 2019) (quoting *Mendez*, 260 F.R.D. at 45). This waiver can be express or implied through a defendant's motion for summary judgment before class certification. *Id.* (citations omitted).

In this case, defendants have waived any objection to a decision on the merits occurring before a decision on class certification by virtue of moving for summary judgment before class certification has been decided. Indeed, defendants seek dismissal of various remaining claims based on the admissions made by plaintiffs in their motion seeking class certification. (Defendants' MOL at p. 1-2)(Dkt. No. 70-1). Consequently, "defendants [are] well aware that this action [has] been brought against them as a class action, and they must [know] that any determinations against them might well inure to the benefit of the class as a whole." *Mendez,* 260 F.R.D. at 48.

For these reasons, and in light of the practical implications a partial determination on the merits has on the viability of this federal action, the court will begin by considering defendants' motion for summary judgment. *See Carollo v. United Cap.*

5

*Corp.*, 528 F. Supp. 3d 37, 49 (N.D.N.Y. 2021) ("Obviously, there is no point in reaching a decision on class certification if the claims the class would bring are fundamentally meritless.").

### III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

#### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*, 477 U.S. at 248).

If the moving party meets this burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." *Anderson*, 477 U.S. at 248, 250; *see also Celotex*, 477 U.S. at 323-24; *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). These facts must be construed "in the light most favorable to the non-moving party and must

resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003). Still, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and cannot rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986) (quoting *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985)). Furthermore, "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) (internal quotation marks and citations omitted)).

### B. Relevant Factual Contentions

Plaintiffs Dees and Boland were employed at the defendants'[3] restaurant site in North Syracuse, New York for differing periods of time between October 2019 and June 2021. (Resp. to SOMF ¶¶ 1, 2) (Dkt. No. 73-5). The defendants assert that both plaintiffs worked "primarily" as servers. (SOMF ¶¶ 1, 3) (Dkt. No. 70-2). Plaintiffs deny this characterization of their employment, to the extent they allege to have

---

[3] The parties dispute what specific defendant entity the plaintiffs "worked" for, in light of plaintiffs' contention that the defendants "operated as joint employers and/or as a single integrated enterprise." (Resp. to SOMF ¶¶ 1, 2).

7

"performed non-tipped work while being clocked in at the server's rate." (Resp. to SOMF ¶¶ 1, 3). Plaintiff Boland was also "occasionally clocked in" under different job titles, including "Sanitation Specialist" and "Expo." (*Id.* at ¶ 3).

Defendants contend that, on several occasions, plaintiffs Dees and Boland signed "Leaving Shift Early" forms, in which they acknowledged that they were "voluntarily leaving work prior to working three hours of [their] scheduled shift due to unforeseen circumstances, family need, emergencies, business interruption etc." (SOMF ¶¶ 8-11). Defendants assert that "[n]o one . . . influenced [plaintiffs] to leave work early" on these occasions. *Id.* Plaintiffs admit that they voluntarily left work prior to working three hours of their scheduled shift on a limited number of occasions, but generally maintain that there were "many" times they were "forced" to leave work before working three hours, to the extent that "if they stayed and continued working, they were forced to perform non-tipped work while being paid at the tipped minimum wage." (Resp. to SOMF ¶¶ 8-13). Plaintiffs maintain that they spent a substantial amount of time on shift as servers "performing non-tipped work while being paid at a tipped minimum wage." (Resp. to SOMF ¶¶ 19, 20).

The undisputed evidence establishes that at all times the plaintiffs were "clocked in" and working, they were paid in excess of $7.25 per hour, regardless of what job title they were working under or whether they were receiving tips. In support of their motion for partial summary judgment, defendants have submitted the declaration of

8

Susan Sabio, the Vice President of Human Resources for defendant T.L. Cannon Management Corporation. (Sabio Decl.) (Dkt. No. 70-18). According to Ms. Sabio and the compensation reports attached as exhibits to her declaration, both plaintiffs Boland and Dees "always made at or above $7.50 per hour." (Sabio Decl. ¶¶ 3, 4; Exs. A, B).

Plaintiffs do not reasonably dispute this fact; in fact the compensation reports and time-keeping records submitted by plaintiffs in support of their motion for class certification suggest that the referenced employees earned a pay rate of at least $7.50 per hour, without consideration of tips. (Moreno Decl. Exs. O, P) (Dkt. Nos. 56-17, 56-18). Plaintiffs do, however, contend that they

> worked through [their] thirty-minute breaks, [were] regularly required to clock out before performing closing duties, and performed work before clocking in . . . . Therefore, there were hours for which [plaintiffs were] not compensated any hourly rate at all, or for which [their] overall rate of pay was lower once factoring in all hours actually worked.

(Resp. to SOMF ¶¶ 15, 16). Plaintiffs further represent that they "performed non-tipped work while clocked in as servers and being paid the server's rate . . . . . The rate of pay [indicated on the time keeping records] matched the position for which plaintiffs were clocked in." (*Id.* at ¶ 17).

C.  **Analysis**

1.  **FLSA Claim**

Defendants have moved for summary judgment as to plaintiff's third cause of action, alleging that defendants failed to raise the hourly rate of pay from the "tip

9

credit" minimum wage to the regular minimum wage when performing non-serving duties in violation of the FLSA. (AC at ¶¶ 89-96). Specifically, Count III alleges that under the FLSA, plaintiffs are entitled to have their hourly rate of pay raised from the "tipped credit minimum wage" to the appropriate regular minimum wage when clocked in as a server, but spending a "substantial portion of their time performing non-tipped duties." (Id. at ¶ 91). Plaintiffs allege that defendants "willfully, knowingly, purposefully, and recklessly failed to pay plaintiffs the appropriate regular minimum wage during shifts in which they spent a substantial portion of their time performing non-tipped duties," thus violating the FLSA mandate to pay plaintiff at the applicable minimum hourly rate under 29 U.S.C. §206(a). (AC ¶¶ 92, 93).

At all times relevant to this action, the FLSA required covered employers to pay employees a minimum wage of at least $7.25 per hour. 29 U.S.C. § 206(a)(1). The FLSA's definition of "wage" provides that, under certain circumstances, employers of "tipped employees" may apply part of that employees' tips towards the minimum wage. *Tecocoatzi-Ortiz v. Just Salad LLC*, No. 18-CV-7342, 2022 WL 596831, at *6 (S.D.N.Y. Feb. 25, 2022) (citing *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F Supp. 2d 545, 560 (S.D.N.Y. 2013) (citing 29 U.S.C. § 203(m)). The practice of crediting some of an employee's tips towards the minimum wage is commonly referred to as taking a "tip credit." *Id.* "Under the FLSA, tipped employees who spend a substantial amount of time, or more than twenty percent of their working time, engaged in related but non-tip-

10

producing work must be paid the full minimum wage for the time spent performing the nontipped work." *Salinas v. Starjem Restaurant Corp.*, 123 F. Supp. 3d 442, 470 (S.D.N.Y. 2015) (quoting *Chhab v. Darden Restaurants, Inc.*, No. 11 Civ. 8345, 2013 WL 5308004, at *3 (S.D.N.Y. Sept. 20, 2013)).

In this case, plaintiffs' non-tipped side work claims arising under the FLSA cannot survive summary judgment because it is undisputed that, when clocked in and working, plaintiffs Dees and Boland were paid a wage in excess of $7.25 per hour. In other words, the plaintiffs' hourly wage never fell below the federal statutory minimum, regardless of the category of work they were performing during their shift. "Because [plaintiffs] were paid at least the 'full minimum wage for the time spent performing the nontipped work . . ., their non-tipped side work claims arising under the FLSA are without merit and must be dismissed." *Tecocoatzi-Ortiz*, 2022 WL 596831, at *11; *see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ( ". . . the FLSA is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold.").

Plaintiffs do not dispute the defendants' contention that their documented hourly wage was always at least $7.50.[4] They do, however, deny that they were "always *paid*

---

[4] Plaintiffs do argue, generally, that a "significant amount of discovery" should be conducted in this action prior to any determination on summary judgment, including ESI discovery. (Moreno Reply Decl. ¶¶ 6-13) (Dkt. No. 73-1). Fed. R. Civ. P. 56(d) permits a district court to defer, deny, or otherwise tailor a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration

11

in excess of" the federal minimum wage. (Resp. to SOMF ¶¶ 15, 16) (emphasis added). Plaintiffs reach this conclusion by pointing to instances when they purportedly worked off-the-clock, and arguing that they were not actually paid the appropriate minimum wage when this time was factored into their workweek. (*Id.*). These allegations may be relevant to plaintiffs' other claims; in particular their second claim for relief alleging defendants failed to provide meal breaks or pay plaintiffs for all hours worked at the appropriate rate of pay as required under the NYLL. They do not, however, create a genuine issue of material fact as to plaintiffs' very specific FLSA claim, seeking damages in the form of "payment of the difference between the tip credit hourly rate of pay and the appropriate regular minimum wage." (AC ¶ 95).

Based on the foregoing, the court recommends dismissing Count III of plaintiffs' amended complaint, which asserts an FLSA claim based on the defendants' failure to raise the hourly rate of pay from the "tip credit" minimum wage to the federal statutory minimum wage when performing non-serving duties.

---

that, for specified reasons, [she] cannot present facts essential to justify [her] opposition[.]" Fed. R. Civ. P. 56(d). In the Second Circuit, a Rule 56(d) affidavit must lay out: (1) what facts the nonmovant wants to use to resist the motion and how the nonmovant would obtain them; (2) "how those facts are reasonably expected to create a genuine issue of material fact"; (3) what effort the nonmovant made to obtain them; and (4) why the nonmovant failed to do so. *Carollo v. United Cap. Corp.*, 528 F. Supp. 3d 37, 49 (N.D.N.Y. 2021) (quoting *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003)). In this case, even if the court were to construe plaintiffs' submission as a Rule 56(d) affidavit, they have failed to establish what facts could be ascertained through discovery that would create a genuine issue of material fact as to plaintiffs' tip-credit claims. *See Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016) ("[A] bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient.").

### 2.  State Law Claims

Defendants also move for summary judgment dismissing Counts I and IV of plaintiffs' amended complaint, which assert causes of action solely under New York law.[5] Because the court is recommending summary judgment as to the only federal claim in plaintiffs' amended complaint, the court further recommends declining to exercise supplemental jurisdiction over plaintiffs' remaining New York claims.[6] "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.' " *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)); *see also Young v. Suffolk Cnty.*, 922 F. Supp. 2d 368, 397-98 (E.D.N.Y. 2013). Since no "exceptional circumstances" are present here, this Court recommends dismissing plaintiffs' remaining claims under the NYLL and related state regulations without prejudice to repleading in state court. *See Gutierrez Chacon v. P & S Select Foods, Inc.*, No. 17 Civ. 1037, 2019 WL 6170423, at *6 (S.D.N.Y. Nov. 19, 2019)

---

[5] Defendants have not moved for summary judgment on Count II of plaintiffs' amended complaint, which also asserts a state law cause of action pursuant to the NYLL.

[6] The amended complaint does not seek to invoke the Court's diversity jurisdiction.  (AC at ¶¶ 12-14). Moreover, on May 31, 2024, in response to this Court's direction, defendants submitted an attorney affirmation establishing that there is not complete diversity among the parties to this action. (Dkt. No. 77).

13

(declining to exercise supplemental jurisdiction over plaintiff's NYLL claims after dismissing FLSA claim); *Tortorici v. Bus-Tev, LLC*, No. 17-CV-7507, 2021 WL 4177209, at *3 (S.D.N.Y. Sept. 14, 2021) (same).

## IV. PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Because this court is ultimately recommending dismissal of plaintiffs' amended complaint, it further recommends denying plaintiffs' motion to certify the proposed class as moot, without prejudice to seeking such relief in state court. *See, e.g., Rabin v. Mony Life Ins. Co.*, No. 06 Civ. 775, 2009 WL 4060978, at *6 (S.D.N.Y. Nov. 19, 2009), *aff'd*, 387 F. App'x 36 (2d Cir. 2010) ("Having determined that Defendant is entitled to summary judgment dismissing all of Plaintiff's claims, the Court will forego determination of the class certification motion.").

**WHEREFORE**, based on the above, it is

**RECOMMENDED**, that plaintiffs' motion for leave to amend (Dkt. No. 56) be **GRANTED,** and that plaintiffs' amended complaint (Dkt. No. 56-4) be accepted for filing as the operative pleading in this action, and it is further

**RECOMMENDED**, that defendants' motion for partial summary judgment (Dkt. No. 70) be **GRANTED IN PART,** in that the FLSA claim alleged in Count III of the amended complaint be **DISMISSED WITH PREJUDICE,** and it is further

**RECOMMENDED,** that the district court decline to exercise supplemental jurisdiction over plaintiffs' state law claims brought pursuant to the NYLL and

associated state regulations, and thus the remaining causes of action in the amended complaint be **DISMISSED WITHOUT PREJUDICE** to refiling in state court, and it is further

**RECOMMENDED,** that plaintiffs' motion for class certification (Dkt. No. 56) be **DENIED AS MOOT** in light of the aforementioned recommendations, without prejudice to refiling in state court.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 1, 2024

Mitchell J. Katz
U.S. Magistrate Judge